UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

MARY P. BRANDT,

        Debtor,

WELLS FARGO HOME MORTGAGE, INC.

        Defendant-Appellant.

v.

THOMAS C. RICHARDSON,

        Plaintiff-Appellee,

_____/

File No.  1:10-CV-55

HON. ROBERT HOLMES BELL

## **O P I N I O N**

In this matter Defendant-Appellant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") seeks review of an order of the United States Bankruptcy Court for the Western District of Michigan.  Wells Fargo is the holder of a mortgage from Mary P. Brandt, a debtor in Chapter 7 bankruptcy proceedings.  Plaintiff-Appellee Thomas C. Richardson ("Trustee") is the trustee for the bankruptcy estate.  On November 30, 2009, Chief United States Bankruptcy Judge James D. Gregg entered an opinion and order holding that Trustee could avoid Wells Fargo's mortgage pursuant to 11 U.S.C. § 544, because the recorded mortgage was defective and could not be enforced against a hypothetical good faith purchaser lacking actual notice of the mortgage under Michigan law.  *Richardson v. Wells Fargo Home*

*Mortgage, Inc.(In re Brandt)*, No. 08-80342 (Bankr. W.D. Mich. Nov. 30, 2009).  Wells

Fargo challenges that ruling.   For the reasons that follow, the Court will affirm the

bankruptcy court's decision.

## I.  Background

On April 3, 2003, Mary P. Brandt granted Wells Fargo a mortgage on property located

at 13703 8 1/2 Mile Road, in Battle Creek, Michigan (the "Property").   The mortgage was

recorded in the Calhoun County Register of Deeds on May 14, 2003.   The recorded mortgage

documentation identified the "Borrower" as "MATTHEW A. C. BRANDT A MARRIED

PERSON AND MARY P. BRANDT, A SINGLE PERSON."   It identified the "Borrower's

address" as "13703 8 1/2 MILE ROAD, BATTLE CREEK, MI 49014."   It identified the

Property as:

> [T]he following described property located in the COUNTY of CALHOUN:
> SEE ATTACHED LEGAL DESCRIPTION
>
> TAX ID# 13-10-588-002-00
> ...
>
> Parcel ID Number:
> 13703 8 1/2 MILE ROAD, BATTLE CREEK, Michigan 49014.

(Ex. 2, at 4.)   Though the document referred to an attached legal description, no legal

description was attached to the recorded mortgage.   The Property is platted property.

According to the bankruptcy court, the proper legal description of the Property is as follows:

> THE TOWNSHIP OF EMMETT, COUNTY OF CALHOUN AND STATE
> OF  MICHIGAN  TO  WIT:  LOT  2,  OF  MICHAELLEN  WOODS,
> ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 22 OF

2

PLATS, ON PAGE 23, IN THE OFFICE OF THE REGISTER OF DEEDS
FOR CALHOUN COUNTY, MICHIGAN.

(Dkt. No. 6, Ex. 1, 11/30/2009 Op. 3.)  Brandt filed for bankruptcy on May 12, 2008.  In the

bankruptcy proceedings, Trustee requested a ruling that the mortgage does not encumber the

estate's or Brandt's interest in the Property.  The bankruptcy court conducted a bench trial

on the issue and considered supplemental memoranda of law.  The bankruptcy court then

issued its opinion finding that the Trustee could avoid the mortgage.

## II. Analysis

On an appeal from a decision of the bankruptcy court, this Court applies the clearly

erroneous standard of review to findings of fact, and the de novo standard of review to

questions of law.  *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir.

2004).  The factual issues in this matter are not disputed.  At issue is whether Trustee in this

bankruptcy action is legally entitled to avoid the mortgage on the Property.

The parties agree that  11 U.S.C. § 544 gives Trustee the power to avoid the mortgage,

if a hypothetical bona fide purchaser could avoid the mortgage under Michigan law.  11

U.S.C. § 544(a) states, in relevant part:

> The trustee shall have, as of the commencement of the case, and without
> regard to any knowledge of the trustee or of any creditor, the rights and powers
> of, or may avoid any transfer of property of the debtor or any obligation
> incurred by the debtor that is voidable by--
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor,
> against whom applicable law permits such transfer to be perfected, that obtains
> the status of a bona fide purchaser and has perfected such transfer at the time

3

of the commencement of the case, whether or not such a purchaser exists.

*Id.*  In other words, "a trustee in bankruptcy is given the rights and powers of a bona fide purchaser of real property from the debtor if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained bona fide purchaser status." *In re Mich. Lithographing Co.*, 997 F.2d 1158, 1159 (6th Cir. 1993).

Michigan's recording act provides that a conveyance of real estate "which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith . . . whose conveyance shall be first duly recorded." Mich.  Comp. Laws § 565.29. "A good faith purchaser is one who purchases without notice of a defect in the vendor's title." *Johnson Family Ltd. P'ship v. White Pine Wireless, LLC*, 761 N.W.2d 353, 392 (Mich. App. 2008).  Under Michigan law, notice may be actual or constructive, *id.*; however, federal bankruptcy law precludes the trustee from having *actual* notice or knowledge.  11 U.S.C. § 544(a)(3); *Rogan v. America's Wholesale Lender (In re Vance)*, 99 F. App'x 25 (6th Cir. 2004) ("[T]he "strong arm" provision of federal bankruptcy law specifically prohibits trustees from having actual knowledge of the interest.").  The trustee can only be charged with constructive notice.  *Vance*, 99 F. App'x at 25.  Thus, Trustee can avoid the mortgage if it lacked constructive notice of the mortgage, regardless of whether it had actual notice or knowledge of the mortgage.  On the other hand, if any hypothetical purchaser of the property would have constructive notice of the mortgage interest, then Trustee cannot avoid the mortgage.

The bankruptcy court determined that Trustee could avoid the mortgage because the mortgage is defective and, as such, is unenforceable and ineffective to provide constructive notice. It is defective because it does not refer to the plat, in apparent violation of two statutory provisions that are part of the Land Division Act (LDA), Mich. Comp. Laws § 560.101, et seq. Mich. Comp. Laws § 560.255 provides:

> When a subdivision plat has been recorded, the lots in that plat shall be described by the caption of the plat and the lot number *for all purposes*, including those of assessment, taxation, sale and conveyance.

*Id.* (emphasis added). Similarly, Mich. Comp. Laws § 560.212 provides:

> Reference to any land, as it appears on a recorded assessor's plat is sufficient for purposes of assessment and taxation. Conveyance may be made by reference to the plat and shall be as effective to pass title to the land so described as it would be if the premises had been described by metes and bounds. The plat or record thereof shall be received in evidence in all courts and places as correctly describing the several parcels of land therein designated. After an assessor's plat has been made and recorded with the register of deeds, *all conveyances of lands included in the assessor's plat shall be by reference to the plat. Any instrument* dated and acknowledged after January 1, 1968, *purporting to convey or mortgage any such lands except by reference to such assessor's plat may not be recorded by the register of deeds*.

*Id.* (emphasis added).

Several Michigan courts have held that conveyances of real property that have been executed in violation of law are ineffective to provide notice to subsequent purchasers, even if they are recorded. *See Hall v. Redson*, 10 Mich. 21 (1862) (noting that a deed witnessed by one person, rather than two, "would not have been entitled to record . . . and the record would be entirely inoperative either as notice to purchasers or as evidence of the deed");

5

*Lynch v. Murphy*, 161 U.S. 247 (1896) ("'The doctrine as to the registration of deeds being constructive notice as to all subsequent purchasers . . . [applies] only [to such deeds] as are authorized and required by law to be registered, and are duly registered in compliance with law. If they are not authorized or required to be registered . . . the act of registration is treated as a mere nullity[.]'") (quoting Story, Eq. Jur. 13th Ed., § 404) (citing *Dohm v. Haskin*, 50 N.W. 108 (Mich. 1891)); *see also John Widdicomb Co. v. Card*, 187 N.W. 308, 310 (Mich. 1922) (holding that a deed that was executed by several parties, but was properly executed and acknowledged by only one party, gave constructive notice of the "conveyance by the person who properly executed it, but not of a conveyance by the other or others"). Similarly, because the mortgage in the instant case did not comply with the requirements of the LDA, it does not provide constructive notice of the mortgage interest, even though it was recorded.

Wells Fargo argues that its mortgage is valid under Michigan law. It contends that the LDA does not apply because the LDA "primarily governs" the relationship between property holders and public regulatory bodies and is not "designed" to determine the requirements for valid mortgages. To the contrary, it is clear that one purpose of the LDA is to regulate conveyances of platted property between private parties, including mortgages.

For example, one section of the LDA regulates "divisions," which is the "partitioning or splitting of a parcel of tract of land . . . for purpose of sale, or lease of more than one year." *See* Mich. Comp. Laws §§ 560.102, 560.108. Another provision allows a purchaser of "lands subdivided or otherwise partitioned or split in violation of [the LDA]" to void the

6

sale transaction.  Mich. Comp. Laws § 560.267.  Similarly, § 560.261 allows the purchaser platted property to void the sale if the seller did not disclose that the property abuts a private road.  *Id.*  Finally, § 560.264 provides for criminal penalties for a person "who sells or agrees to sell any lot, piece, or parcel of land without first having recorded a plat thereof when required by this act."  *Id.*

One purpose of the LDA, according to its title, is "to promote proper surveying and monumenting of land subdivided and conveyed by accurate legal descriptions."  Title of 1967 P.A. 288.  The section of the LDA cited by the bankruptcy court, § 560.255, requires that platted property be referenced by the plat "for all purposes," including "sale and conveyance."  *Id.*  Section 560.212, also cited by the bankruptcy court, expressly includes requirements for mortgages.  It is titled "Assessor's plat; references to plat descriptions . . .; use in conveyances; . . . references in conveyances and mortgages."  *Id.*  That section requires that "all conveyances of lands in the assessor's plat" refer to the plat.  *Id.*  Instruments purporting to "convey or mortgage" platted property, "except by reference to" the plat, may not be recorded.  *Id.*

Wells Fargo argues that the LDA merely stands for the proposition that, when property has been platted, it should no longer be described by its old metes and bounds description.  The act is not written that way, however.  It states that a plat "*shall be* described by the caption of the plat and lot number for *all purposes*," including conveyances.  Mich. Comp. Laws § 560.255 (emphasis added).  The LDA as a whole is focused on the use of

plats as a means of describing and regulating rights in real property. It does not merely eliminate the use of metes and bounds descriptions of property. After property has been divided according to plats, and after those plats have been recorded with the register of deeds, referring to the property according to the platted boundaries in all future transactions serves the obvious purposes of maintaining the division of property rights according to those boundaries, and of maintaining clarity of rights to each parcel of the plat, both for public regulatory bodies and for third parties. Thus, reference in a conveyance to a street address or tax identification number is invalid for the same reason that reference to a metes and bounds description is invalid: it is not the "accurate legal description" intended by the LDA.

The bankruptcy court properly distinguished *Argent Mortgage Company, LLC v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir. 2009), in which the Court of Appeals for the Sixth Circuit held that a bankruptcy trustee could not set aside a recorded mortgage that contained the street address of residential property, but did not contain the plat number. *Id.* at 490. According to the court in *Bunn*, "substantive Ohio mortgage law does not appear to require a precise legal description of the mortgaged property." *Id.* The form of mortgage in the Ohio mortgage statute requires only a "[d]escription of land or interest in land and encumbrances, reservations, and exceptions, if any.'" *Id.* at 490 (citing O.R.C. § 5302.12). The court contrasted Ohio land installment contracts, which must contain a legal description. *Id.* (citing O.R.C. § 5313.02(A)(3)). The court concluded:

> No Ohio case directly suggests that the Ohio courts would set aside an
> otherwise valid mortgage in favor of a third party purchaser in these

8

circumstances. On the contrary, a reasonably prudent real estate purchaser, upon discovering that a residential lot has a mortgage that describes the lot by address but not by plat number when both address and plat number are on the granting deed and the seller owns no other real estate in the county, is unlikely to proceed as if the lot were unencumbered. Thus no purchaser could attain BFP status, and the trustee may not use his strong-arm powers to set aside the mortgage.

*Id.* at 490.

The Michigan statute governing mortgages, Mich. Comp. Laws § 565.151, et seq., is similar to Ohio law in that it does not require mortgages to contain a precise legal description. Mich. Comp. Laws § 565.154 provides:

A mortgage of lands that is worded in substance as follows: "A.B. mortgages and warrants to C.D., (*here describe the premises*) to secure the re-payment of" (here describe the indebtedness or obligations the mortgage secures) and is signed by the grantor, is a valid and enforceable mortgage to the grantee and the grantee's heirs, assigns, successors, and personal representatives with warranty from the grantor and the grantor's legal representatives, of marketable title in the grantor, free from prior incumbrances. If the indebtedness or obligations secured are described generally, such as "all indebtedness that A.B. now and in the future owes to C.D.", and if the words "and warrant" are omitted from the form, the mortgage is valid and enforceable, but without warranty.

*Id.* (emphasis added). Nevertheless, the LDA requires that mortgages of platted property refer to the plat, and this requirement does not conflict with the mortgage statute.

The Michigan mortgage statute and the LDA are not, as Wells Fargo insists, "competing statutes." They can both be applied fully to the circumstances of the instant case. The mortgage statute indicates that a mortgage should describe the premises, though it does not indicate what type of description is sufficient. It is silent on the matter, implying that a

precise legal description is not necessary.  The LDA, on the other hand, sets forth a specific requirement for platted property.  Mortgages of platted property must refer to the plat.  *See* Mich. Comp. Laws § 560.212.  Thus, while the mortgage statute sets forth requirements for mortgages, generally, the LDA can be read to make an *additional* requirement with respect to platted property.  Therefore, *Bunn* is distinguishable because, while the mortgage in that case complied with all the requirements of applicable state law, the mortgage in the instant case did not.  Because the recorded mortgage did not comply with the requirements for a mortgage of platted property, it does not serve to provide constructive notice of the mortgage interest, even though it was recorded.

The LDA confirms this result.  In addition to the requirement for mortgages to refer to the plat, § 560.212 plainly states that an instrument "purporting to convey or mortgage" platted lands "*may not be recorded* by the register of deeds" unless it references the plat.  *Id*. (emphasis added).  Thus, the consequence for not referring to the plat is that the mortgage was not eligible for recording.  It is true that the LDA differs from the recording act in that the LDA does not state that an instrument that fails to comply with the LDA's requirements is not enforceable against a good faith purchaser; however, if the LDA states that a particular instrument "may not be recorded by the register of deeds," it follows that the result is the same as if the instrument was not properly recorded:  the recording is void, and it does not serve to provide constructive notice to a subsequent purchaser.  *Cf. Grand Rapids Nat'l Bank v. Ford*, 107 N.W. 76, 78 (Mich. 1906) ("The purpose of the recording law is that the

true state of the title be represented. If the grantee in a conveyance complies with the terms of the [recording] statute, he is protected. If he fails to comply with the plain requirements of the statute, the subsequent purchaser in good faith is protected, and is not to be charged with constructive notice."); *Ameriquest Mortgage Co. v. Alton*, 731 N.W.2d 99, 105 (Mich. Ct. App. 2006) ("[A] *properly recorded* mortgage is notice to all subsequent purchasers that they take subject to any lien the mortgagor may have on the property . . . .") (emphasis added). Therefore, even assuming the mortgage itself was not defective, it was not eligible for recording according to the LDA, and Trustee is not charged with constructive notice of the mortgage interest.

Wells Fargo notes that the recording act does not require a recorded mortgage to contain a precise legal description of the property. Wells Fargo refers, in particular, to subsections (1), (4) and (5) of Mich. Comp. Laws § 565.201, which provide, in relevant part:

(1) An instrument executed after October 29, 1937 by which the title to or any interest in real estate is conveyed, assigned, encumbered, or otherwise disposed of shall not be received for record by the register of deeds of any county of this state unless that instrument complies with each of the following requirements:

(a) The name of each person purporting to execute the instrument is legibly printed, typewritten, or stamped beneath the original signature or mark of the person.

(b) A discrepancy does not exist between the name of each person as printed, typewritten, or stamped beneath their signature and the name as recited in the acknowledgment or jurat on the instrument.

(c) The name of any notary public whose signature appears upon the instrument is legibly printed, typewritten, or stamped upon the

11

instrument immediately beneath the signature of that notary public.

(d) The address of each of the grantees in each deed of conveyance or assignment of real estate, including the street number address if located within territory where street number addresses are in common use, or, if not, the post office address, is legibly printed, typewritten, or stamped on the instrument.

. . .

(4) Any instrument received and recorded by a register of deeds shall be conclusively presumed to comply with this act. The requirements contained in this act are cumulative to the requirements imposed by any other act relating to the recording of instruments.

(5) An instrument that complies with the provisions of this act and any other act relating to the recording of instruments shall not be rejected for recording because of the content of the instrument.

Mich. Comp. Laws § 565.201.

Even if the recorded mortgage complied with the foregoing provisions in the recording act, however, it does not necessarily follow that it properly recorded the mortgage interest. The recording act itself states that its requirements are "cumulative to the requirements imposed by any other act relating to the recording of instruments." Mich. Comp. Laws § 565.201(4). *Id.* The LDA can be read as another act setting forth requirements for properly recording interests in platted property. The LDA's requirement to refer to the plat does not conflict with, and is not precluded by, any of the requirements in the recording act. Moreover, while the recording act indicates that a document received and recorded is "conclusively presumed to comply with *this* act," it does not purport to create a presumption of compliance with "any other act" relating to the recording of instruments.

12

*See id.* (emphasis added).

Wells Fargo also notes that, according to the recording act, an instrument will not be rejected "because of the content of the instrument."  Mich. Comp. Laws § 565.201(5).  Wells Fargo argues that a mortgage of platted property would not be rejected under the recording act where its contents do not refer to the plat.  This argument overlooks the rest of the text of § 565.201(5), which states that an instrument in compliance with the recording act "*and any other act relating to the recording of instruments*" will not be rejected because of its contents.  *Id.* (emphasis added).  Thus, if an instrument purporting to record a mortgage does not comply with recording requirements in other statutes (e.g., the LDA), then § 565.201(5) of the recording act does not apply.

Finally, Wells Fargo argues that a prudent purchaser of the mortgaged property would have obtained notice of the mortgage interest by a search of the county records.  This argument puts the cart before the horse, however, as it assumes that the mortgage was valid and was properly recorded.  If a recorded document is not in compliance with law or was not entitled to be recorded, the record is a nullity and is "entirely inoperative" to provide notice.  *See Hall v. Redson*, 10 Mich. 21 (1862); *Lynch v. Murphy*, 161 U.S. 247 (1896); *Loomis v. Brush*, 36 Mich. 40 (1877) ("The deed of Frazard to his wife was not within the recording acts, and its record was not constructive notice to any one. . . . the principle that the record of an unauthorized instrument is no notice, has often been recognized in our courts."); *Brown v. King*, 137 N.W. 729, 731 (Mich. 1912) (recorded deed did not provide constructive notice

because, "having only one witness, [it] was not entitled to record"); *see also Rogan v. America's Wholesale Lender(In re Vance)*, 99 F. App'x 25, 28 (6th Cir. 2004) (applying Kentucky law and treating notice of an improperly executed mortgage obtained from a search of the county records as a form of *actual* notice, which is not attributable to a bankruptcy trustee).

In sum, Wells Fargo's position rests on the assumption that the mortgage act and the recording act set forth the sole and exclusive requirements for valid mortgages and for properly recording mortgages, but according to its plain terms, the LDA requires that conveyances of platted property refer to the plat, and provides that mortgages that do not refer to the plat are not entitled to be recorded. These requirement are not inconsistent with, or precluded by, the requirements in the mortgage statute and the recording act. Wells Fargo's position that the LDA does not apply stands in direct opposition to the plain text of the LDA and the LDA's apparent purpose to promote accurate legal descriptions in conveyances of platted property.

For the foregoing reasons, therefore, the decision of the bankruptcy court will be affirmed. An order will be entered that is consistent with this opinion.


Dated: <u>August 25, 2010</u>          <u>/s/ Robert Holmes Bell</u>          
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE